**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:  Case No.: 19-19719-JKO

NEW VENTURE 777 LLC,  Chapter 11

      Debtor
_____/

## MOTION TO DISMISS OR CONVERT CASE

    Nancy J. Gargula, United States Trustee for Region 21 (the "United States Trustee"), pursuant to 11 U.S.C. § 1112, respectfully moves this Court to enter an order dismissing this case or converting this case to chapter 7, and in support thereof states as follows:

### BACKGROUND

    1.    On July 22, 2019, New Venture 777 LLC (the "Debtor") filed a joint voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

    2.    The United States Trustee has not appointed a committee of unsecured creditors.

    3.    As of the date of filing hereof, the Debtor has failed to file the monthly operating reports (the "MORs") for October, November and December 2019.

    4.    Additionally, the Debtor owes United States Trustee fees which are now past due.

    5.    Moreover, based on review of the docket, it appears that in the more than six (6) months that this case has been pending in chapter 11, the Debtor has not made any significant progress towards reorganization.

## **RELIEF REQUESTED**

6. Dismissal and conversion of Chapter 11 cases is governed by Section 1112(b), which provides that a bankruptcy court shall convert or dismiss a case, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

7. The term "cause" is not defined by the Bankruptcy Code, but Section 1112(b)(4) lists sixteen (16) examples of cause which justify dismissal or conversion:

> A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> (B) gross mismanagement of the estate;
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
> (E) failure to comply with an order of the court;
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
> (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
> (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
> (K) failure to pay any fees or charges required under chapter 123 of title 28;
> (L) revocation of an order of confirmation under section 1144;
> (M) inability to effectuate substantial consummation of a confirmed plan;
> (N) material default by the debtor with respect to a confirmed plan;
> (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

> (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

*See* 11 U.S.C. § 1112(b)(4).

8. In this case, the record supports a finding of cause, at a minimum, under

    a. §1112(b)(4)(A) where the Debtor is continuing to incur the administrative expenses in this chapter 11 case, when there appears to be no likelihood of rehabilitation as evinced by (i) the Debtor's failure to make any significant progress towards reorganization in over six (6) months; and (ii) the failure to file MORs for the last three (3) months;

    b. §1112(b)(4)(B) where the Debtor is exhibiting, at a minimum, gross mismanagement as evinced by the Debtor's (i) failure to file MORs for three (3) months; (ii) failure to pay United States Trustee fees; and (iii) failure to make any significant progress towards reorganization in over six (6) months;

    c. §1112(b)(4)(F) where the Debtor has failed to file MORs for three (3) months; and

    d. §1112(b)(4)(K) where the Debtor owes United States Trustee fees that are past due.

9. Moreover, because no MORs have been filed for three (3) months, the United States Trustee is unable to tell whether there are other grounds for dismissal or conversion of this case.

10. Accordingly, there is cause sufficient for the Court to dismiss or convert this case.

WHEREFORE, the United States Trustee respectfully requests the entry of an order dismissing the above-captioned chapter 11 case, or converting this case to a case under chapter 7; and granting such other and further relief as this Court may deem just and proper.

DATED:    January 30, 2020.

        Nancy J. Gargula
        United States Trustee
        Region 21

        /s/   Zana M. Scarlett
        Zana M. Scarlett, Trial Attorney
        Florida Bar No.: 626031
        U.S. Trustee's Office
        51 SW 1st Ave., Room 1204
        Miami, FL 33130
        Phone: (305) 536-7285
        Fax: (305) 536-7360

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been served on the following parties on January 30, 2020, electronically through CM/ECF, on parties having appeared electronically in the instant matter and that a copy hereof shall be served by U.S. Mail, postage prepaid, on parties not appearing electronically as listed below:

Stephen C Breuer        stephen@moffa.law   , atty_ellison@trustesolutions.com, allusers@moffa.law, ecf@moffa.law,   stephen@ecf.courtdrive.com

Aleksander Sorsher
900 N. Federal Highway # 306
Hallandale, FL 33309

        /s/   Zana M. Scarlett
        Zana M. Scarlett, Trial Attorney