UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:  Case No.: 19-19719-PGH
NEW VENTURE 777 LLC
d/b/a Buddy's Gun Shop,  Chapter 11
a/k/a Buddy's Arms,

  Debtor
_____/

**MOTION TO ASSUME COMMERCIAL LEASE AGREEMENT, ASSIGN THAT COMMERICAL LEASE AGREEMENT, AND TO SELL THE ESTATE'S INTEREST THEREIN AND ASOCIATED PERSONAL PROPERTY FREE AND CLEAR OF LIENS**
(Premises Located at 4004 SW 64th Avenue (a/k/a Davie Rd.), Davie, FL 33314)

The Debtor-in-Possession, New Venture 777, LLC ("Debtor"), by and through its undersigned counsel, hereby files this *Motion to Assume Commercial Lease Agreement, Assign that Commercial Lease Agreement, and to Sell the Estate's Interest Therein and Associated Personal Property Free and Clear of Liens* ("Motion"), requesting that the Court approve the Debtor's assumption of its pre-petition commercial lease with landlord Donald Moseley and to assign and sell the estate's interest therein and associated personal property to Veterans of Tobacco, Inc., pursuant to 11 U.S.C. §§ 363(b) and (f), and §§ 365(a) and (f), and the additional authority set forth herein, and in support thereof states as follows:

**LOCAL RULE 6004-1(B) CONCISE STATEMENT**

| | |
|---|---|
| Purchaser: | Veterans of Tobacco, Inc. |
| Purchase Price: | $25,000.00 |
| Property: | Debtor's leasehold interest in commercial lease agreement and related personal property (furniture, equipment and buildout – see attached exhibit "C") |
| Closing Date: | On or before fourteen (14) days after Bankruptcy Court approval |

Closing Conditions:    Approval of Bankruptcy Court

Objection Deadline:    In accordance with Fed. R. Bankr. P. 6004(b), any objections to the proposed sale must be filed and served no later than seven (7) days prior to the hearing on this Motion, unless extended by the Court

Hearing Date:    To be supplied and served by separate document stating *Notice of Hearing*

*[End of Concise Statement Pursuant to Local Rule 6004-1(B)]*

## FACTUAL BACKGROUND AND JURISDICTIONAL STATEMENT

1.    On July 22, 2019, the Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code.

2.    The Debtor is operating its business as a debtor-in-possession pursuant to Bankruptcy Code § 1107 and 1108.  No trustee, examiner, or official committee of unsecured creditors has been appointed to date.

3.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

4.    The Debtor operates a business selling retail firearms and accessories, in addition to servicing firearms.  The Debtor's business operations are in compliance with all local, State and Federal laws, and the Debtor maintains strict compliance with both State (Florida Department of Law Enforcement) and Federal (United States Bureau of Alcohol, Tobacco, Firearms and Explosives) agencies.

5.    As part of its operations, the Debtor operates a retail store located at 4004 SW 64th Avenue (a/k/a Davie Rd.), Davie, FL 33314 (the "Premises").  The Debtor does not own the Premises, but has rented that location from its landlord, Donald Moseley ("Landlord"), pursuant to the Business Lease agreement attached hereto as Exhibit "A" (the "Lease").  Separately, the

Debtor's representatives travel nearly constantly throughout the State of Florida attending and selling at various "gun shows".

6. The Lease has a stated term of April 1, 2017 through March 31, 2022, with one (1) five (5) year renewal option.

7. The Court has previously approved the Debtor's payment of the rent due under the Lease. ECF Nos. 25, 37; 41.

8. The Court has also previously extended the Debtor's time to assume or reject the Lease, in accordance with 11 U.S.C. § 365(d)(4)(B), through and including May 18, 2020. ECF No. 49.

9. The Debtor had not been in default prior to the filing of this case, and continues to perform under the Lease.

10. However, having been under the protection of the Bankruptcy Code for the past six (6) months and having had the opportunity to regularly review the Debtor's finances, it has become apparent that the costs of operating the Premises are exceeding the revenue generated from its retail, brick and mortar location.

11. By way of this Motion, the Debtor requests that the Court authorize it to (a) assume the Lease for the purpose of assignment, (b) assign the Lease to Veterans of Tobacco, Inc. ("VoT"), and (c) sell the Debtor's and the estate's interest in the Lease and associated personal property to VoT for the total purchase price of $25,000.00. The Debtor will continue its "road" operations as a substantial savings to the Debtor for its benefit and the benefit of its creditors.

**LEGAL AUTHORITY AND REQUESTED RELIEF**

A. **Assumption of the Lease**

12. The Debtor has been occupying the Premises prior to, and after the petition date. As a pre-petition lease of non-residential real property to which the Debtor is a performing party (lessee), the Debtor is able to assume the Lease under §§ 365(a) and (d)(2) prior to confirmation of a plan. The Debtor has, and continues to perform under the Lease in accordance with § 365(d)(3).

13. Accordingly, the Debtor has the right to assume the Lease under § 365(a) and requests that the Court approve that assumption, for the express purpose of assigning the Lease to VoT.

**B. Assignment of the Lease to VoT**

14. Pursuant to 11 U.S.C. § 365(f)(1), notwithstanding a provision in an unexpired lease of the Debtor (or applicable law) that prohibits, restricts, or conditions assignment of a lease, the Debtor[1] may assign the lease under § 365(f)(2).

15. 11 U.S.C. § 365(f)(2) provides that the Debtor may assign an unexpired lease if (A) the Lease is assumed in accordance with § 365, and (B) adequate assurance of future performance by the assignee of such Lease is provided.

16. VoT has agreed to assume the Lease. In addition, VoT and its principals have agreed to personally guarantee the payment obligations due under the Lease to the Landlord. *See* Letter of Intent for the Purchase of Lease and Buildout ("LOI") attached hereto as Exhibit "B".

17. The Debtor submits that VoT's agreement to assume the Lease, in conjunction with its and its' principals' agreement to guarantee the payment obligations under the Lease are adequate assurance of future performance as required by § 365(f)(2)(B).

---

[1] 11 U.S.C. § 1107(a) gives the Debtor, as debtor in possession, the rights of a trustee asserted in this Motion.

18. Assuming the Court approves the assumption of the Lease as requested in this Motion, the Debtor will have also complied with § 365(f)(2)(A). Accordingly, the Debtor has the right to assign the Lease to VoT according to the terms expressed herein (and in the LOI). *See also* In re DH4, Inc., 2007 Bankr. LEXIS 3814 *7, 21 Fla. L. Weekly Fed. B 160 (S.D. Fla. 2007, Hyman, J.) ("The trustee [or debtor-in-possession] may assign an executory contract or unexpired lease only if (a) it assumes the contract or lease in accordance with section 365 and (b) there is adequate assurance of future performance by the assignee. 11 U.S.C. § 365(f) (2).") (internal citations omitted).

**C. Sale of the Debtor's and Estate's Interest in the Lease and Related Property**

19. Pursuant to 11 U.S.C. § 363(b), the Debtor, after notice and a hearing, may sell outside the ordinary course of business, property of the estate. 11 U.S.C. § 541, *Property of the Estate*, delineates what is property of the estate and includes, *inter alia*, all legal and equitable interests of the debtor in property as of the petition date (commencement of the case).

20. In addition, 11 U.S.C. § 363(f) permits the Debtor to sell property of the estate under § 363(b) free and clear of liens if, *inter alia*, (i) such entity consents (§ 363(f)(2)), (ii) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property (§ 363(f)(3)), (iii) such interest is in bona fide dispute (§ 363(f)(4)), or (iv) such entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest (§ 363(f)(5)).

21. As a party to the non-defaulted and unexpired Lease on the petition date, the Debtor has a legal and equitable interest in the Lease. The Debtor wishes to sell its interest in the Lease to VoT.

22. In addition, the Debtor will not have the need for the furniture, equipment and buildout located on the Premises, valued at $7,566.00. Attached to this Motion as Exhibit "C" is the list of personal property the Debtor seeks to sell to VoT in connection with this Motion and the sale of its interest in the Lease ("Personal Property").

23. The Business Backer, LLC ("Backer") may claim a security interest in the Personal Property that is proposed to be sold, on account of its security agreement and filed UCC1. However, Business Backer's only claim against the Debtor or the estate is found in Claim 2, which purports to be a wholly unsecured claim. Accordingly, the Debtor submits that any secured interest is subject to a bone fide dispute created solely by this creditor and thus, the Debtor may sell the Personal Property free and clear of this creditor's potential security interest pursuant to § 363(f)(4).

24. But even if not, the Debtor submits that it has the authority sell the Personal Property free and clear of Backer's potential lien under either or both §§ 363(f)(3) and (5), as the value of any potential lien of Backer in the subject Personal Property does not exceed the value of that property, i.e. $7,566.00. The Debtor could therefore compel Backer to accept a money satisfaction of its interest in the Personal Property.

25. The Debtor requests, pursuant to § 363(b) and (f), that the Court authorize the Debtor to sell its interest in the Lease, in addition to the related Personal Property to VoT for the total purchase price of $25,000.00 ("Purchase Price") free and clear of any potential lien of Backer.

26. In accordance with the LOI, the Purchase Price will be paid to the Debtor's counsel's trust account within fourteen (14) days of the Court (prospectively) entering an Order approving the sale, i.e. the closing date ("Closing Date"). On said date, VoT will also sign an assumption agreement, and VoT and its principals will sign a continuing guarantee of the monetary obligations. The signed assumption agreement and guarantee will be provided to the Landlord.

27. In addition, also as stated in the LOI, the Debtor will be able to store and sell its property out of the Premises for a period of at least one hundred and twenty (120) days from the Closing Date, or until such time as the Debtor receives its new Federal Firearms License (FFL). The Debtor's rights of use for the first one hundred and twenty (120) days are at no cost to the Debtor but if the period exceeds that stated duration, the Debtor would be obliged to pay VoT $500/month for the use of the two (2) safes on the Premises. (Collectively, this paragraph may be referred to as the "Other Terms").

28. During that same time one hundred and twenty (120) day period, VoT will acquire its Federal Firearms License (FFL).

29. The proposed sale and the terms and conditions of the LOI are expressly subject to approval of the Bankruptcy Court.

30. The Debtor submits that the assumption, assignment and sale proposed herein are made in good faith, and that they are in the best interest of the Debtor, the estate and its creditors. This Motion is being made after the Debtor had the ability to analyze its post-petition operations in the context of its retail establishment compared to its' "gun show" sales. The Debtor makes this Motion in good faith, in an effort to reduce its operational liabilities, retain its necessary assets for the benefit of the estate and its creditors.

31. In addition, the Debtor asserts that VoT is a good faith purchaser.

## CONCLUSION

For the reasons set forth herein, the Debtor requests that the Court grant this Motion, approve the assumption of the Lease for the purpose of assignment, approve the assignment of the Lease to VoT, approve the sale of the Debtor's and the estate's interest in the Lease and the

Personal Property free and clear of liens to VoT in consideration of the Purchase Price and the Other Terms.

**WHEREFORE**, the Debtor requests that the Court enter an Order (i) granting this Motion, (ii) approving the assumption of the Lease for the purpose of assignment, (iii) approving the assignment of the Lease to VoT, (iv) approving the sale of the Debtor's and the estate's interest in the Lease and the Personal Property to VoT in consideration of the Purchase Price and the Other Terms, (v) authorizing the Debtor and its representatives to sign any documents necessary to accomplish the proposed sale, (vi) waiving the stay of the prospective Order granting this Motion in accordance with Fed. R. Bankr. P. 6004(h), and (vii) granting such additional and further relief that the Court deems just and prudent.

<u>Dated February 19, 2020</u>

        Moffa & Breuer, PLLC
        Attorneys for the Debtor
        1776 N. Pine Island Road, Suite 102
        Plantation, Florida 33322
        Telephone: (954) 634-4733
        Facsimile: (954) 337-0637
        Email: Stephen@moffa.law

        By: <u>/s/ *Stephen C. Breuer*</u>
            Stephen C. Breuer
            FBN 99709